RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2012 MAY 10 A 11: 32

| | |
|---|---|
| Margaret Innocent, | ) Civil Action No.: 2:10-2598-RMG |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| County of Georgetown, | ) |
| Defendant. | ) |

This matter comes before the Court on Defendant's motion for summary judgment. Plaintiff brought this case alleging discrimination on the basis of her disability in violation of the Americans with Disabilities Act of 1990 ("ADA") and retaliation after she engaged in activity protected by Title VII and the ADA. Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(A), and the Local Rules, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for pretrial handling. Defendant filed a motion for summary judgment on September 30, 2011. (Dkt. No. 23). Plaintiff filed a response (Dkt. No. 26) and Defendant filed a reply (Dkt. No. 32). On April 13, 2012, Magistrate Judge Bruce Howe Hendricks issued a Report and Recommendation ("R &R") recommending that Defendant's motion for summary judgment be granted on the basis that Plaintiff failed (1) to establish a prima facie case of discrimination with respect to the elimination of the Senior Planner position in which she worked; (2) to create a genuine issue of material fact that Defendant's explanation for not selecting her for a Zoning Administrator/Senior Planner position was pretextual and (3) to establish a prima facie case of retaliation. Plaintiff filed objections to the R & R (Dkt. No. 36) and Defendant has filed a reply (Dkt. No. 37).

1

After reviewing the parties' filings and the applicable law, the Court adopts the Magistrate Judge's R & R. Because this Court agrees with the sound reasoning set forth in the Magistrate Judge's R & R, the Court addresses only the issues to which Plaintiff filed specific objections. Therefore, as discussed herein, the Court grants Defendant's motion for summary judgment.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

**Discussion**

Plaintiff has objected to the Magistrate Judge's R & R and the Court considers each objection seriatim. Plaintiff first objects to the Magistrate Judge's characterization of her reaction to the news that her position of Senior Planner was being eliminated and the Planning Department restructured as "hostile." (Dkt. No. 36 at 4). The Magistrate Judge stated that "[t]he defendant has submitted evidence that the plaintiff had a hostile reaction to the news and called the decision unprofessional and incompetent." (Dkt. No. 35 at 2). When asked whether she thought what was happening was a "bad idea" at her Deposition, Plaintiff stated: "Yes. I expressed my opinion that this – professionally, I did not think it was a good idea to eliminate

the two Senior Planner Positions." (Dkt. No. 23-2 at 15). Moreover, Defendant submitted testimony from those present at the interview indicating that Plaintiff was not pleased with the decision.[1] After reviewing the Record, the Court finds that the Magistrate Judge's characterization is well supported by the record.

Plaintiff next objects that the Magistrate Judge did not address the failure of the Defendant to identify when Ms. Ochal, Plaintiff's competitor for the Zoning Administrator/Senior Planner position, was interviewed. First, Plaintiff does not establish how this is relevant to her claims and why this would impact the Magistrate Judge's recommendations. Second, Defendant put forth uncontested evidence that Mr. Johnson, Ms. Richardson and Human Resources Director Greg Troutman all testified that they interviewed Ms. Ochal. (Dkt. No. 37 at 4-5).

Plaintiff asserts that the Magistrate Judge improperly characterized the South Carolina Human Affairs Commission and Equal Employment Opportunity Commission's determinations as to Plaintiff's claims. The Court has reviewed the Record and finds that the Magistrate Judge's characterization is supported by the record. (Dkt. No. 23-8 at 23-25). Moreover, the Magistrate Judge did not afford the determinations any weight in rendering her recommendations. (Dkt. No. 35 at 3).

Plaintiff objects to the Magistrate Judge's conclusion that she failed to make out a prima facie case with respect to discrimination in the elimination of her Senior Planner position. Plaintiff argues that the evidence that she has submitted is sufficient to create a genuine issue of

---

[1] Chief Planner Holly Richardson stated that Plaintiff was "not pleased", "agitated" and "angry". (Dkt. No. 23-5 at 11). Boyd Johnson, Director of Planning and Development, stated that Plaintiff "immediately got angry" and said that other people in the department should be released. (Dkt. No. 23-3 at 24-25). Mr. Johnson further stated that Plaintiff was "extremely hostile", thought "this was just a stupid thing to do" and that it was "unprofessional" and "incompetent." (Dkt. No. 23-3 at 37).

3

material fact and that her evidence substantiates "the facts of Plaintiff's work environment."
(Dkt. No. 36 at 5). Plaintiff then sets forth a series of facts that she argues "substantiate a genuine issue of material fact." (Dkt. No. 36 at 5). Defendant argues, and the Court agrees, that a number of these facts are irrelevant to the issue of whether Plaintiff can establish a prima facie case.[2] (Dkt. No. 37 at 6-7). The Court has reviewed the Record and finds that Plaintiff's general allegations that she was subjected to a hostile work environment, not given particular work assignments and segregated from the rest of the office because of her disability are insufficient to survive summary judgment. (Dkt. No. 26-18 at 8). Plaintiff testified that there were no disparaging remarks from her supervisors about her hearing. *Id.* In her objections, Plaintiff also cites the fact that the personnel in the Planning Department liked Ms. Ochal better and that favoritism was shown to Ms. Ochal. (Dkt. No. 16-18 at 6). Plaintiff presents no evidence, however, that this was due to her hearing disability.

Plaintiff also alleges that Defendant targeted Plaintiff in choosing which positions to eliminate due to budget cutbacks. Plaintiff has presented no evidence connecting the decision to eliminate her position to her disability. Plaintiff also notes that she specifically requested a panel for her interview because she was concerned about the bias of her supervisors Mr. Johnson and Ms. Richardson toward Ms. Ochal. Defendant thereafter included Mr. Troutman in the interview process, presumably as a result of Plaintiff's request. (Dkt. No. 26-18). If anything, the fact that Defendant valued Plaintiff's request weighs against Plaintiff's allegations of discrimination.

While Plaintiff does not argue such in her objections, the additional evidence cited by Plaintiff appears also to go to the Magistrate Judge's determination that Plaintiff failed to create a genuine issue of material fact as to any pretext on the part of Defendant in hiring Ms. Ochal

---

[2] The Court need not address Plaintiff's recitation of facts that are not specific objections to the Magistrate Judge's R & R.

4

into the new position. Plaintiff argues that she was more qualified than Ms. Ochal because she was AICP certified, had a Masters Degree and had zoning experience, whereas Ms. Ochal admitted at her Deposition that she had no zoning experience. Even if Plaintiff's "objective" experience was superior to Ms. Ochal, Defendant could properly take into account more subjective factors such as her enthusiasm for the position. *See, e.g., Amirmokri v. Baltimore Gas and Elec. Co.*, 60 F.3d 1126, 1130 (4th Cir. 1995). Moreover, the Magistrate Judge clearly took the relative experience of Plaintiff and Ms. Ochal into consideration in her analysis of pretext. (Dkt. No. 35 at 10).

Plaintiff further states that she objects to "the Court[']s delineation that the Plaintiff's lack of enthusiasm was a non-discriminatory reason for not hiring her for the position." (Dkt. No. 36 at 10). As the Magistrate Judge found, however, Ms. Ochal clearly met the minimum qualifications for the Zoning Administrator/Senior Planner position. (Dkt. No. 35 at 10). It is well-settled that Plaintiff cannot "establish her own criteria for judging her qualifications for the promotion" and that "[s]he must compete for the promotion based on the qualifications established by her employer." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005). The evidence in the Record supports Defendant's reasonable belief that Ms. Ochal was more qualified because she was more enthusiastic about the position. *See Newsom v. Barnhart*, 116 Fed. Appx. 429, 433 (4th Cir. 2004).

Plaintiff further asserts that Mr. Troutman made comments during her interview suggesting that she had more experience. Plaintiff alleges that her interview only lasted between 15 and 20 minutes, she was only asked six or seven questions and that she was not asked any questions by Ms. Richardson, who would be her direct supervisor. Plaintiff alleges that she was not given a reason as to why she did not receive the new position of Zoning Administrator/Senior

5

Planner. None of these facts, however, are sufficient to create an issue of fact as to pretext. Defendant has presented consistent, significant evidence that Ms. Ochal was more qualified, in the view of Defendant, than Plaintiff for the position. Plaintiff presents no evidence, other than mere speculation, that she was treated differently in the interview process than Ms. Ochal, which, without more, is insufficient to preclude the granting of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Magistrate Judge concluded that Plaintiff is unable to establish a prima facie case of retaliation because she did not engage in protected activity. Plaintiff alleges that the memorandum that she submitted to Mr. Troutman "contained information regarding the Plaintiff's use of hearing aids and her self-conscious conservative nature due to that use." (Dkt. No. 36 at 8). Plaintiff further alleges that the memorandum was presented "so that she would be considered for the position on the merits not on her disability." *Id.* at 11. The Magistrate Judge thoroughly addressed why the Plaintiff's memorandum was not opposition activity, as Plaintiff was not complaining about any past behavior on the part of Defendant and when Mr. Troutman attempted to engage Plaintiff about the memorandum, she admits that she refused to discuss it with him. (Dkt. No. 35 at 12-14). *See, e.g., Jordan v. Alternative Resources Corp.*, 467 F.3d 378, 380 (4th Cir. 2006)("Complaining employees are protected by Title VII once they have an *objectively reasonable belief* that a Title VII violation has occurred.").

The Court therefore finds that the Plaintiff's objections do not alter the well-reasoned recommendation of the Magistrate Judge that summary judgment should be granted in favor of Defendant.

## Conclusion

After a thorough review of the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation. Defendant's motion for summary judgment is hereby **GRANTED**. (Dkt. No. 23).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 10, 2012